PER CURIAM.*
The two owners of the Belle of Orleans Riverboat executed an Operating Agreement governing the operation of the casino. A dispute arose over whether a merger of Bally’s Entertainment Corporation with Hilton Hotels Corporation constituted a “change of control” under the Operating Agreement so as to permit most decisions to be made by majority vote rather than unanimous consent of the two parties. There was also a dispute over an alleged breach of a non-compete clause in the Agreement.
Metro Riverboat Association, Inc. passed resolutions based on its interpretation of the contract, and Bally’s Louisiana, Inc. demanded arbitration. Metro then filed this action seeking a preliminary injunction, prohibiting Bally’s from demanding arbitration and ordering implementation of the resolutions.
The trial court held that Bally’s breached the contract in both respects and issued a preliminary injunction ordering Bally’s to:
1. Specify signatories for a new Belle checking account under Metro’s control;
*566 2. Transfer all casino revenues, except that needed for daily | ^operations and its management fees, to the new Belle checking account; and
3. Disburse funds from the new checking account in accord with Metro’s directives as controlling member of Belle, and refrain from proceeding with its arbitration demand and from taking any action on its assertion that Metro had breached the Operating Agreement.[1]
The court of appeal affirmed in a divided decision. 99-0827 c/w 0828 (La.App. 4th Cir.12/13/00), 777 So.2d 578. The dissenters asserted that Metro failed to show irreparable injury as required for a mandatory preliminary injunction.
On Bally’s application, we now grant certiorari and reverse.
Metro’s assertions of irreparable injury resulting from (1) an order to vacate office space immediately because of Bally’s nonpayment of rent, (2) Belle’s inability to become involved in the ongoing session of the Legislature, and (3) Belle’s poor record for purchasing from minority vendors do not establish the necessary irreparable injury to Metro that cannot be compensated by money damages. Because of this deficiency and because none of the substantive problems of this lengthy litigation have been resolved, we conclude that the preliminary injunction should be set aside and the case remanded for trial.
Accordingly, the preliminary injunction is set aside, and the case is remanded to the trial court for further proceedings.
CALOGERO, C.J., and JOHNSON, J., would vote to grant and docket for argument.

 Associate Justice Harry T. Lemmon, retired, participated in this action by appointment of the Supreme Court of Louisiana.

. Since the November 1998 injunction judgment, neither party has moved for trial of the final injunction.